**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-27530-BLOOM**

MATIAS FABRIZIO MUSUMECI,

Petitioner,

v.

WARDEN, Krome North Service Processing Center; FIELD OFFICE DIRECTOR, Miami Field Office, U.S. Immigration and Customs Enforcement; DIRECTOR, U.S. Immigration and Customs Enforcement; SECRETARY, U.S. Department Of Homeland Security; and ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.
_______________________________________/

**ORDER ON PETITION FOR HABEAS CORPUS**

**THIS CAUSE** is before the Court upon Petitioner Matias Fabrizio Musumeci's ("Petitioner") Verified Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, ECF No. [1] ("Petition"). Petitioner challenges his immigration detention at the Krome North Service Processing Center in Miami, Florida, arguing that he is detained under 8 U.S.C. § 1226(a) without being provided the individualized custody determination that the statute requires. *Id.* ¶¶ 2, 5, 13. After the Court issued an Order to Show Cause, ECF No. [6], Respondents filed a Response, ECF No. [11]. Petitioner did not file a Reply.[1] The Court has considered the Petition, the Response, the record in the case and is fully advised. For the reasons set forth below, the Petition is dismissed.

---

[1] The Court's October 24, 2026, Paperless Order permitted Petitioner to file a Reply within 3 days of the date on which the Court dockets the Response. *See* ECF No. [6]. The Court docketed the Response on October 27, 2026. *See* ECF No. [11].

## I. BACKGROUND

Petitioner, a native and citizen of Argentina, was inspected and admitted to the United States at the Miami International Airport on November 16, 2019, as a B-2 nonimmigrant visitor. ECF No. [1] at 3 ¶ 13, 11-12. He was authorized to remain for a temporary period not to exceed May 15, 2020. ECF No. [11-1] at 1.

On October 8, 2026, U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") encountered Petitioner at the Broward County Jail in Broward County, Florida. ECF No. [11-2] at 1. On October 11, 2026, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), which states that Petitioner was admitted but remained in the United States beyond May 15, 2020, without authorization, it charges no ground of inadmissibility, and does not designate Petitioner as an arriving alien. ECF Nos. [1] at 3 ¶ 13; [11-1] at 1. Petitioner has no criminal convictions. ECF No. [1] at 3 ¶ 13.

On October 19, 2026, Petitioner requested an individualized custody determination before an immigration judge. *Id.*; ECF No. [11-3] at 1. On October 22, 2026, an immigration judge entered a "no action" on Petitioner's request for an individualized custody determination and continued the matter to November 5, 2026. ECF Nos. [1] at 4 ¶ 13; [11-3] at 1; [11-4] at 1.

On October 24, 2026, Petitioner filed the instant Petition, arguing that he is being unlawfully detained pursuant to § 1226(a) without the required individualized custody determination. ECF No. [1] ¶ 13. Petitioner seeks release from custody under reasonable conditions of supervision or an individualized custody hearing before an immigration judge within seven days. *Id.* at 4 ¶ 15.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v.*

*Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that he is detained under 8 U.S.C. § 1226(a) without the individualized custody determination that statute and its implementing regulations require, and his continued detention without a finding that he is either a danger to the community or a flight risk violates the Due Process Clause of the Fifth Amendment. ECF No. [1] at 3-4 ¶ 13. Respondents do not dispute that Petitioner's detention is governed by § 1226(a) and that Petitioner is therefore entitled to an individualized bond hearing, but respond that the Petition must be dismissed because Petitioner has failed to exhaust administrative remedies. ECF No. [11] at 3. The Court agrees with Respondents.

Petitioner was taken into immigration custody on October 11, 2026, ECF No. [11-2] at 1, and subsequently requested an individualized custody determination before an immigration judge on October 19, 2026, ECF No. [1] at 3-4 ¶ 13. On October 22, 2026, an immigration judge entered a "no action" on Petitioner's request for an individualized custody determination and continued the matter to November 5, 2026. ECF Nos. [1] at 4 ¶ 13; [11-3] at 1; [11-4] at 1. On October 24, 2026, two days after the immigration judge rescheduled the individualized custody determination and prior to the scheduled November 5, 2026, hearing, Petitioner filed the instant Petition arguing that his detention without an individualized bond hearing is unlawful. ECF No. [1] ¶ 13. Petitioner has, therefore, sought relief from this Court without allowing his request for a bond hearing to occur. Accordingly, the Petition is dismissed for Petitioner's failure to exhaust administrative remedies. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) ("It is no longer

the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding. Of course, that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." (footnote omitted)).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED** without prejudice.
2. The October 24, 2026, Order prohibiting Respondents from removing Petitioner from the United States or the Southern District of Florida until further order of the Court, **ECF No. [6] ¶ 5**, is **LIFTED**.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 19, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record